O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GMAC MORTGAGE, LLC fka GMAC MORTGAGE CORPORATION, | ) ) ) | Case No. CV 10-08091 DDP (PJWx) |
| Plaintiff, | ) ) | **ORDER REMANDING CASE** |
| v. | ) ) | |
| TIMOTHY J. GO, ENRIQUE GO, ERNESTO GO, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff initiated this unlawful detainer action against Defendant on March 25, 2010, in Los Angeles Superior Court. On May 25, 2010, the state court clerk entered a judgment against Defendants. Defendants removed to this court on October 27, 2010, claiming that federal question jurisdiction exists due to federal defenses based on the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and other statutes.

Federal question jurisdiction is governed by the "well-pleaded complaint" rule and cannot be predicated on the existence of a federal defense. Franchise Tax Bd. of Cal. v. Construction

Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983). Plaintiff's unlawful detainer complaint raises issues solely of state law, meaning that there is no federal question jurisdiction. 28 U.S.C. § 1331. Furthermore, removal following the entry of judgment is improper. The Rooker-Feldman doctrine "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).

    Plaintiff and Defendant are both citizens of California, meaning that there is no diversity jurisdiction. 28 U.S.C. § 1332. There being no basis for federal jurisdiction, removal was improper.

    The court therefore REMANDS this case to state court.

IT IS SO ORDERED.

Dated: May 6, 2011

DEAN D. PREGERSON
United States District Judge